IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETO SIQUEIROS, | No. C 08-2939 MMC (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO STAY PETITION; DIRECTING CLERK TO ADMINISTRATIVELY CLOSE FILE** |
| v. | |
| KEN CLARK, Warden, | |
| Respondent. | **(Docket No. 13)** |

On June 12, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer to the petition, and petitioner has filed a traverse. It is undisputed that all of the claims in the petition are exhausted.

Now pending before the Court is petitioner's motion, filed on the same date petitioner filed his traverse, to stay the petition. Specifically, petitioner asserts, and has attached to his motion exhibits in support of his assertions, that he has recently been informed by the Office of the Public Defender of Santa Clara County that, in view of the decision of the California Court of Appeal in People v. Uribe, 162 Cal. App. 4th 1457 (2008), petitioner's case has been referred to the Independent Defense Counsel Office for a determination whether a writ of habeas corpus should be pursued on petitioner's behalf. Specifically, petitioner was convicted of rape and the commission of lewd or lascivious acts on a child under the age of

fourteen, and Uribe held that because a videotape of a victim's Sexual Assault Response Team (SART) examination was favorable defense evidence under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution's failure to produce such evidence constituted a Brady violation. Uribe, 162 Cal. App. 4th at 1463.

District courts have inherent authority to issue stays where a stay would be a proper exercise of discretion. Rhines v. Webber, 544 U.S. 269, 276 (2005). In particular, a district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. Id. at 277-78. Under such circumstances, a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Additionally, in King v. Ryan, 564 F.3d 1133, 1139, 1140 (9th Cir. 2009), the Ninth Circuit clarified that a district court may, without a showing of good cause, stay a fully-exhausted petition while the petitioner returns to state court to exhaust new claims. Once the claims are exhausted, however, the petitioner must amend his petition, within the one-year limitations period set forth at 28 U.S.C. § 2244(d)(1), to add the newly-exhausted claims. Id. at 1140-41.

Here, petitioner's request for a stay does not fall directly under the holdings of either Rhines or King. Rhines does not apply because the petition is not a mixed petition. King also does not apply, because, even though the petition is fully exhausted, petitioner has not said that he is returning to state court to exhaust a new claim based on Uribe. In the interest, however, of providing the state courts with the opportunity to rule on any such claim prior to this Court's ruling on the merits of the instant petition, the Court will exercise its discretion to grant petitioner a sixty-day stay of the instant proceedings to inform the Court whether petitioner will return to state court to exhaust a newly-discovered Uribe claim. If petitioner informs the Court that he intends to do so, the stay will be continued until such time petitioner's Uribe claim has been exhausted in state court. Alternatively, if petitioner

2

1 informs the Court either that he does not intend to return to state court to exhaust a <u>Uribe</u>
2 claim, or fails to respond to this order within sixty days, the stay will be lifted and the
3 petition will be deemed ready for a decision on the merits.
4     For the foregoing reasons, and good cause appearing, petitioner's request for a stay is
5 hereby GRANTED, and the above-titled action is hereby STAYED for sixty days.
6 The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.
7     This order terminates Docket No. 13.
8     IT IS SO ORDERED.
9 DATED: July 8, 2010

/s/ Susan Illston
for MAXINE M. CHESNEY
United States District Judge