1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLETO SIQUEIROS, | ) | No. C 08-2939 MMC (PR) |
| Petitioner, | ) | **ORDER LIFTING STAY;** |
| | ) | **DIRECTING CLERK TO** |
| v. | ) | **ADMINISTRATIVELY REOPEN** |
| | ) | **ACTION; GRANTING MOTION** |
| KEN CLARK, Warden, | ) | **FOR LEAVE TO FILE** |
| | ) | **SUPPLEMENTAL BRIEFING AND** |
| Respondent. | ) | **EXHIBITS** |
| | ) | |
| _____ | ) | **(Docket No. 16)** |

On June 12, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2005, in the Superior Court of Santa Clara County, petitioner was convicted of rape and lewd and lascivious acts on a child under the age of fourteen. In the instant petition, petitioner claims his trial counsel rendered ineffective assistance by failing to challenge the credentials of the prosecution's medical expert and by failing to call a defense expert to give testimony about the victim's physical condition. Petitioner also claims his trial counsel failed to call witnesses who could have impeached the victim's credibility and that his appellate counsel failed to challenge on appeal the validity of petitioner's sentence. Respondent has filed an answer to the petition, and petitioner has filed a traverse. It is undisputed that all of the claims in the petition are exhausted.

On January 27, 2010, the same date petitioner filed his traverse, petitioner filed a motion to stay the petition. Therein, petitioner asserted he had recently been informed by the Office of the Public Defender of Santa Clara County that, in view of the decision of the California Court of Appeal in People v. Uribe, 162 Cal. App. 4th 1457 (2008), petitioner's case had been referred to the Independent Defense Counsel Office for a determination as to whether a writ of habeas corpus should be pursued in state court on petitioner's behalf. See id. at 1463 (holding where videotape of examination of victim by Sexual Assault Response Team (SART) was evidence favorable to defense as set forth in Brady v. Maryland, 373 U.S. 83 (1963), prosecution's failure to produce such evidence constituted Brady violation).

By order filed July 8, 2010, this Court, while noting petitioner's failure to state an intent to return to state court to exhaust a new claim based on Uribe, exercised its discretion to grant petitioner a sixty-day stay of the instant proceedings, for the purpose of his informing the Court as to whether he intended to return to state court to exhaust such a claim. The Court advised petitioner that if he failed to respond within sixty days, the stay would be lifted and the petition would be deemed ready for a decision on the merits.

More than sixty days have passed since the filing of the Court's order, and petitioner has not informed the Court of any intent to return to state court to exhaust a Uribe claim. Accordingly, the stay will be lifted and the action will be reopened.

The Court next considers petitioner's motion, filed April 11, 2011, to expand the record and submit further briefing based on assertedly newly discovered evidence pertaining to petitioner's ineffective assistance of counsel claim. No opposition to the motion has been filed, and as set forth below, good cause for the relief requested has been shown.

In support of the motion, petitioner states he has received a letter from an attorney, Allen Schwartz, in which letter, submitted by petitioner, said attorney states "a medical expert was recently hired by the Public Defender's Office who reviewed the alleged victim's medical records in [petitioner's] case [and] determined that the prosecution expert's opinion was wrong." (See Mot. at 2; Attachment at 1.) Pursuant to the Federal Rules of Civil Procedure, as made applicable to habeas proceedings, amendments to pleadings may be made

2

at any time during the course of the proceedings, and leave to amend should be "freely give[n] when justice so requires." See Fed. R. Civ. P. 15(a)(2), (b)(1); 28 U.S.C. § 2242 (providing Rules of Civil Procedure pertaining to amendments are applicable to habeas cases); see also Fed. R. Civ. P. 81(a)(4); Habeas Corpus Rule 12.[1] In this instance, petitioner has made an adequate showing of need to amend, and there is no suggestion of bad faith, undue delay[2], or prejudice to either party. See Bonin v. Calderon, 59 F.3d 815, 845-46 (9th Cir. 1995) (setting forth factors weighing against amendment).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The stay entered herein on July 8, 2010 is hereby LIFTED, and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

2. Petitioner's motion for leave to file supplemental briefing and expand the record is hereby GRANTED. Petitioner shall file supplemental briefing, not to exceed fifteen pages, and any additional exhibits, on his ineffective assistance of counsel claim within **thirty days** of the filing date of this order. Respondent shall file a supplemental answer, not to exceed fifteen pages, within **thirty days** of the filing of petitioner's supplemental briefing. If petitioner wishes to file a supplemental traverse, he shall do so with **fifteen days** of the filing of respondent's supplemental answer. Any such traverse is not to exceed ten pages.

This order terminates Docket No. 16.

IT IS SO ORDERED.

DATED: October 18, 2011

MAXINE M. CHESNEY
United States District Judge

---

[1] Rule 15 applies to amendments to answers in habeas cases as well. See Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008).

[2] Although the letter is dated June 10, 2010, petitioner states he waited to file the instant motion because he was under the impression that a state habeas petition was to be filed based on Schwartz's findings.