**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETO SIQUEIROS, ) | No. C 08-2939 MMC (PR) |
| ) Petitioner, ) | **ORDER DEEMING PETITION SUBMITTED** |
| v. ) | |
| KEN CLARK, Warden, ) | |
| ) Respondent. ) | |
| _____ ) | |

On June 12, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2005, in the Superior Court of Santa Clara County, petitioner was convicted of rape and lewd and lascivious acts on a child under the age of fourteen. In the instant petition, petitioner claims his trial counsel rendered ineffective assistance by failing to challenge the credentials of the prosecution's medical expert and by failing to call a defense expert to give testimony about the victim's physical condition. Petitioner also claims his trial counsel failed to call witnesses who could have impeached the victim's credibility and that his appellate counsel failed to challenge on appeal the validity of petitioner's sentence. Respondent has filed an

answer to the petition, and petitioner has filed a traverse. It is undisputed that all of the claims in the petition are exhausted.

On January 27, 2010, the same date petitioner filed his traverse, petitioner filed a motion to stay the petition. Therein, petitioner asserted he had recently been informed by the Office of the Public Defender of Santa Clara County that, in view of the decision of the California Court of Appeal in People v. Uribe, 162 Cal. App. 4th 1457 (2008), petitioner's case had been referred to the Independent Defense Counsel's Office for a determination as to whether a writ of habeas corpus should be pursued in state court on petitioner's behalf. See id. at 1463 (holding where videotape of examination of victim by Sexual Assault Response Team (SART) was evidence favorable to defense as set forth in Brady v. Maryland, 373 U.S. 83 (1963), prosecution's failure to produce such evidence constituted Brady violation).

By order filed July 8, 2010, this Court, while noting petitioner's failure to state an intent to return to state court to exhaust a new claim based on Uribe, exercised its discretion to grant petitioner a sixty-day stay of the instant proceedings, for the purpose of his informing the Court as to whether he intended to return to state court to exhaust such a claim. The Court advised petitioner that if he failed to respond within sixty days, the stay would be lifted and the petition would be deemed ready for a decision on the merits.

When more than sixty days had passed after the filing of the Court's order, and petitioner had not informed the Court of an intent to return to state court to exhaust a Uribe claim, the Court lifted the stay and reopened the action.

On April 11, 2011, petitioner moved to expand the record and submit further briefing based on assertedly newly discovered evidence pertaining to petitioner's ineffective assistance of counsel claim. By order filed October 18, 2011, the Court granted petitioner's motion and gave petitioner thirty days, i.e., until November 17, 2011, to file supplemental briefing and additional exhibits with respect to said claim. At petitioner's request, the Court twice extended the deadline, first to December 19, 2011, and subsequently to January 19, 2012. Petitioner's latest deadline passed three months ago, and petitioner has not filed the aforementioned supplemental briefing and exhibits.

Accordingly, the petition is hereby deemed submitted, and no further briefing or exhibits may be filed without leave of Court. A decision on the merits will be issued in a separate order.

IT IS SO ORDERED.

DATED: April 17, 2012

MAXINE M. CHESNEY
United States District Judge